Joseph MALLON, God

v.

Honorable John R. PADOVA.

Joseph MALLON, God

v.

HARVARD LAW SCHOOL.

Joseph MALLON, God

v.

PHILADELPHIA.

Joseph MALLON, God

v.

PENNSYLVANIA REAL ESTATE COMMISSION.

Joseph MALLON, God

v.

PRETENDERS.

Joseph MALLON, God

v.

CHEVAL MUSIC.

Joseph MALLON, God

v.

UNITED STATES PRESIDENCY OF George BUSH.

Joseph MALLON, God

v.

The HYNDES.

Joseph MALLON, God

v.

The PEOPLE OF ENGLAND.

Joseph MALLON, God

v.

Chrissie (Hynde) MALLON.

Joseph MALLON, God

v.

UNITED STATES.

Civ. A. Nos. 92–5825, 92–5885 to 92–5887, 92–5889, 92–5890, 92–5982, 92–5891 to 92–5893 and 92–5981.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1993.

Herbert G. Keene, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for U.S. Presidency of God.

Joseph Mallon, pro se.

## MEMORANDUM

ROBRENO, District Judge.

On November 17, 1992, this Court issued an injunction permanently prohibiting plaintiff Joseph Mallon from making additional filings in this Court without first obtaining leave of court. Pursuant to the terms of the injunction, Mr. Mallon was to include with any proposed filing a certification stating that "a) the claims he wishes to present are new claims, never before raised and disposed of on the merits by any feder-

al court, b) Mr. Mallon believes the facts alleged in the complaint to be true, and c) Mr. Mallon knows of no reason to believe that his claims are foreclosed by controlling law." Order, November 17, 1992.

Presently before the Court is Mr. Mallon's "Motion to Immediately Cancel Permanent TRO."[1] The instant motion was submitted to the Clerk of this Court on November 30, 1992. Pursuant to the express terms of the permanent injunction, the Clerk marked the motion as "Received" rather than "Filed," and directed it to my attention.

As a threshold matter, the Court must determine whether Mr. Mallon has complied with the requirements of the Court's November 17, 1992 Order. This determination involves a two step process. First, the Court must evaluate whether Mr. Mallon has complied with the certification requirement imposed by the injunction. Second, the Court must evaluate whether the proposed pleading is so frivolous as to warrant its exclusion from the records of this Court.[2]

Mr. Mallon's motion states that "[i]t is also necessary for me to state here that my signature in accord with Civil Procedure Rule 11 is my certification and attestation that the document is appropriate, valid, in good faith directions, for the best of all involved, is necessary to deal at least sufficiently with, and is facilitative [sic] regarding what is specifically involved." Motion, p. 2–3. While this statement is certainly not in strict conformity with the certification requirements imposed by the November 17, 1992 Order, the Court determines that Mr. Mallon has substantially complied with the spirit of the conditions imposed by the permanent injunction, and finds that, for purposes of this motion, Mr. Mallon has satisfied the first prong of the inquiry.

The Court finds, however, that Mr. Mallon's motion is so frivolous that allowing it

1. There is, of course, no such thing as a "permanent TRO." It is apparent from a reading of the motion that Mr. Mallon is actually seeking the dissolution of the November 17, 1992 permanent injunction, and the Court will proceed on that basis.

2. As stated in the November 17, 1992 Order, "The Court will *consider* granting ... approval [to file documents] only if Mr. Mallon includes" an appropriate certification. November 17, 1992 Order, p. 3 (emphasis added).

**644**

to be filed of record would result in "a decline of public confidence in the court's ability to run its own affairs fairly and efficiently." November 17, 1992 Memorandum, p. 13. In point of fact, the relief sought by Mr. Mallon in his current motion amounts to nothing more than a request for reconsideration of the injunction order. Mr. Mallon, however, does not claim any change in circumstances since the issuance of the original injunction. Indeed, the current motion is fraught with same type of apparently hallucinogenic allegations that gave rise to the issuance of the permanent injunction in the first place. Mr. Mallon, for example, once again repeats his claim that he is God and President of the United States. Mr. Mallon also claims entitlement to prosecutorial and judicial immunity. The Court is hard pressed to see how pleadings of this nature could possibly justify dissolution of the injunction when pleadings of this same type formed the basis for its imposition. Accordingly, Mr. Mallon's proposed motion is clearly frivolous, and the Court will not allow it to be filed of record.

A brief comment on the Court's jurisdiction to make the decision reached herein is in order. Because Mr. Mallon's motion could be construed as a motion for reconsideration, the Court's authority to hear such a motion would appear at first blush to be based on either Fed.R.Civ.P. 59(e), governing motions to alter or amend a judgment, or Rule 60, governing relief from judgment or order. The Court, however, need not reach any jurisdictional questions stemming from either of these two Rules because the Court looks to its power to enforce its injunctions, and not to the Rules governing reconsideration, as the basis for the decision made today. Because the Court has decided to keep Mr. Mallon's motion for reconsideration from being filed of record, the Court's action does not implicate the jurisdictional concerns of either Rule 59(e) or Rule 60(b).

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 11th day of January, 1993, upon consideration of Mr.

Mallon's "Motion to Immediately Cancel Permanent TRO," IT IS ORDERED that, pursuant to the provisions of the permanent injunction imposed upon Mr. Mallon by Order dated November 17, 1992, said motion shall not be filed of record. The Clerk shall, however, retain the original of this pleading in a separate file.